UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY T.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C22-1360-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEDURES**

Plaintiff Henry T. seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ erred by failing to fully account for a medical opinion the ALJ found to be persuasive and by failing to properly consider other medical opinions; he seeks remand for an immediate award of benefits or, in the alternative, for further administrative proceedings. Dkt. 10. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 45 years old, has at least a high school education, and has no past relevant work. Tr. 79. In September 2019, he applied for benefits, alleging disability as of July 1, 2019. Tr. 238, 240. After his applications were denied initially and on reconsideration, the ALJ

conducted a hearing and, on December 10, 2020, issued a decision finding plaintiff not disabled. Tr. 69-80. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date; he had the medically determinable severe impairments of major depressive disorder and generalized anxiety disorder; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 72-73. The ALJ found that plaintiff had the residual functional capacity to perform a full range of work at all exertional levels with the following nonexertional limitations: he can understand, remember, and carry out simple, routine instructions with only occasional changes in the work setting. Tr. 74. The ALJ found plaintiff had no past relevant work but as there are jobs that exist in significant numbers in the national economy that he can perform, he is not disabled. Tr. 79.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

### A. Medical Opinions

When considering medical opinions (for applications filed on or after March 27, 2017), the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain in her decision how she considered the factors of supportability and consistency. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ is not required to explain how she considered the other factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). The new regulations supplant the hierarchy governing the weight an ALJ must give medical opinions and the requirement the ALJ provide specific and legitimate reasons to reject a treating doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

#### 1. Dr. Postovoit

State agency consulting psychologist Leslie Postovoit, Ph.D., reviewed the record in October 2019 and opined plaintiff was capable of performing simple, routine tasks and that plaintiff "will not be able to set goals for himself and must have work tasks that are clear." Tr. 115-16. In January 2020, consulting psychologist Bruce Eather, Ph.D., again reviewed the record and generally concurred with Dr. Postovoit but opined that plaintiff could perform two-step commands. Tr. 133-34.

The ALJ found both these opinions persuasive because they were well-supported and mostly consistent with each other. Tr. 77. The ALJ noted, however, that the Ninth Circuit has held that there is a discrepancy between two-step tasks and simple, routine tasks. *Id.* The ALJ found a limitation to simple, routine tasks was more aligned with the medical evidence given plaintiff's relatively benign presentation to treating providers, performance in mental status examination, situational component, and statements of the intensity and persistence of plaintiff's symptoms. *Id.*

Plaintiff argues the ALJ failed to fully account for Dr. Postovoit's opinion despite finding it persuasive because the ALJ did not explain how he accounted for her opinion that plaintiff could not set goals for himself and must have clear work tasks. Dkt. 10 at 2-3. The Commissioner responds the ALJ translated Dr. Posotvoit's findings into an RFC that adequately captured any deficiencies in plaintiff's ability to set goals for himself and his corresponding need for clear work tasks. Dkt. 12 at 2.

The Commissioner relies on two cases in support of her argument. First, she points to *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008). In that case, Dr. McCollum, an examining doctor, opined the plaintiff had a "slow pace, both with thinking and her actions" and she was moderately limited in her ability to perform at consistent pace without an unreasonable number and length of rest periods, but he did not opine as to the plaintiff's ability to perform unskilled work. *Id.* at 1173. Dr. Eather reviewed the record and identified "a slow pace, both in thinking and actions," and other moderate limitations, and concluded that the plaintiff retained the ability to carry out simple tasks. *Id.* The ALJ found the plaintiff had the RFC to perform "simple, routine, repetitive" work. *Id.* The Ninth Circuit held the ALJ did not reject Dr.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEDURES - 4

McCollum's opinion but rather translated plaintiff's pace and mental limitations into the only concrete restrictions available to him, Dr. Eather's limitation to simple tasks. *Id.* at 1174.

In that case, the ALJ relied on Dr. Eather's opinion to formulate concrete restrictions that incorporated the restrictions opined by both Dr. Eather and Dr. McCollum. Here, by contrast, the ALJ did not rely on another source to address Dr. Postovoit's opinion about plaintiff's inability to set goals and need for clear work tasks. There is nothing in the decision to indicate the ALJ translated Dr. Postovoit's opinion on plaintiff's inability to set goals and need for clear work tasks into a limitation to simple work. This reasoning was not in the ALJ's decision, and the Court may not rely on it as a post-hoc rationalization to affirm the ALJ. *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).

Second, the Commissioner points to *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996 (9th Cir. 2015). In that case, Dr. McKenna's opinion included a section titled "Treatment Recommendations," as well as a separate section titled "Clinical Formulation/Prognosis" that contained her formal conclusions. *Id.* at 1005-06. The court held the ALJ did not err by failing to incorporate some of the limitations included in the "Treatment Recommendations" section, as an ALJ may rely on "specific imperatives regarding a claimant's limitations, rather than recommendations." *Id.* at 1006 (citing *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008)).

Here, there is no indication in Dr. Postovoit's opinion that she merely recommended the need for clear work tasks. Indeed, her language was clear: plaintiff "will not" be able to set goals for himself and "must" have work tasks that are clear. Tr. 116. The ALJ failed to incorporate these limitations into the RFC and failed to give an explanation for doing so. This was error.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEDURES - 5

The Commissioner argues that any error in the ALJ's assessment of Dr. Postovoit's opinion was harmless. Dkt. 4 at 3. An error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination, *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012), or if, despite the error, the agency's path may reasonably be discerned, *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). But a reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

The Commissioner argues the DOT descriptions of the jobs identified by the vocational expert do not indicate that plaintiff would need to set goals or have less than clear work tasks. Dkt. 12 at 3. She asserts these jobs are repetitive and have little variability and/or require working under specific instructions. *Id.* at 4.

The Commissioner asks the Court to weigh in on vocational factors that the ALJ did not present in a hypothetical to the vocational expert and that the vocational expert did not otherwise address. To make a finding that these jobs do not require the ability to set goals and have work tasks that are clear would require the Court to make independent vocational findings. This the Court may not do. *Brown-Hunter*, 806 F.3d at 492. Because the error was not harmless, remand is required for a reevaluation of Dr. Postovoit's opinion and its effect on plaintiff's RFC.

    2.    Dr. Widlan

David Widlan, Ph.D., examined plaintiff in July 2019 and opined plaintiff had marked limitations in the ability to adapt to changes in a routine work setting, be aware of normal hazards and take appropriate precautions, communicate and perform effectively in a work setting, and maintain appropriate behavior in a work setting. Tr. 348-49. He opined that plaintiff was severely limited in the ability to complete a normal workday and work week without

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEDURES - 6

interruptions from psychologically based symptoms and that his overall level of impairment was severe. Tr. 349.

The ALJ found this opinion was not persuasive. Tr. 78. The ALJ found it was not supported because Dr. Widlan reviewed no records and had minimal narrative explanation for his specific limitations. *Id.* The ALJ also found that while Dr. Widlan stated plaintiff cannot perform serial 3 subtractions, he acknowledges that plaintiff performed 3 of 4 correctly. *Id.* And the ALJ further found that the opinion was inconsistent with the relatively benign presentation to treating providers, the situational component, and statements of the intensity and persistence of plaintiff's symptoms. *Id.*

Plaintiff argues the ALJ's findings were not supported by substantial evidence and were not a correct application of the law. Dkt. 10 at 4. With respect to supportability, plaintiff argues that the ALJ's reliance on the minimal narrative explanation conflicts with his assessment of the non-examining psychologists' opinions, which the ALJ found persuasive despite having little or no explanation for the specific limitations they expressed; that the ALJ failed to acknowledge most of the objective evidence Dr. Widlan cited, including the clinical interview, mental status examination, and two tests to detect malingering, both of which indicated that plaintiff was not feigning his symptoms; and that the ALJ improperly imposed his own interpretation of Dr. Widlan's testing results by focusing on the fact that plaintiff could perform three serial 3 subtractions before making an error, but not acknowledging that plaintiff erred on the fourth subtraction and could not perform a single serial 7 subtraction. Dkt. 10 at 4-7.

As noted above, an ALJ must provide an explanation supported by substantial evidence for finding a medical opinion unsupported or inconsistent. *Woods*, 32 F.4th at 792. In addition, an ALJ may not substitute his own interpretation of the medical evidence for the opinion of a

medical professional. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999). Here, Dr. Widlan supported his opinion with his findings from his clinical examination, including the objective assessments he administered. However, the ALJ substituted his own interpretation of those findings—ignoring the objective assessments Dr. Widlan administered and making his own findings about the import of plaintiff's performance on serial subtractions—to find Dr. Widlan's opinion unsupported. The ALJ's reliance on his own interpretation of the medical evidence to reject the opinion as unsupported constituted error.

With respect to consistency, plaintiff notes the ALJ did not provide citations to the record in assessing this factor, leaving plaintiff to assume the ALJ was referring to the findings he made when assessing plaintiff's subjective complaints. Dkt 10 at 6. Referring to those findings, plaintiff argues the treatment notes the ALJ cited to as demonstrating a relatively benign presentation were not in fact inconsistent with Dr. Widlan's opinion and, in many cases, appear to be auto-generated text that were contradicted by the narrative portions of those notes. Dkt. 10 7-8.

To the extent the ALJ relied on his findings made in assessing plaintiff's testimony when evaluating Dr. Widlan's opinion, merely referring to a previous string citation of treatment notes without explanation is insufficient. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings . . . does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."). And not all treatment notes the ALJ cited in assessing plaintiff's testimony were inconsistent with Dr. Widlan's opinion. For example, the ALJ noted that treatment providers documented plaintiff as being alert and oriented. Tr. 76. But Dr. Widlan found plaintiff's orientation to be within normal limits and, while he did not note whether plaintiff was

alert, he found plaintiff's appearance, speech, and psychomotor behavior to be within normal limits and did not note any difficulties completing the examination due to lack of alertness on plaintiff's part. Tr. 350. To merely note that providers described plaintiff as alert and oriented does not establish any inconsistency with Dr. Widlan's opinion.

Plaintiff also argues the ALJ's reference to a situational component reflects an improper understanding of impairments like depression and anxiety; that plaintiff's statements that medications worked well reflected only temporary improvement that quickly subsided; and that the ALJ's statement that Dr. Widlan's opinion is inconsistent with "statements of the intensity and persistence of the claimant's symptoms" is unclear. Dkt. 10 at 8-10. The ALJ listed these factors but failed to make any connections between them and the evidence. The lack of explanation leaves the Court guessing as to the reasons behind the ALJ's finding. This failure to provide an explanation supported by substantial evidence for rejecting Dr. Widlan's opinion was error. *Woods*, 32 F.4th at 792.

The ALJ failed to give a valid reason supported by substantial evidence for finding Dr. Widlan' opinion unpersuasive and must reevaluate it on remand.

3.   Dr. Ross

Amy Ross, Psy.D., a treating psychologist, opined in September 2020 that plaintiff exhibited significant limitations in his ability to engage in fundamental activities of daily living as well as social and emotional cognitive functioning. Tr. 663. She opined that plaintiff was not capable of sustaining work-like activities on a consistent basis; that his mental health and medical disabilities diminish his concentration and focus and often impede his ability to perform basis tasks; and that he would frequently be absent from the workplace due to his depression, anxiety, and emotional dysregulation. *Id.*

The ALJ found this opinion to be not persuasive because it was not adequately supported by the narrative or treatment notes, finding that treatment notes were consistent with relatively benign presentation to treating providers, performance in mental status examination, situational component, and statements of the intensity and persistence of plaintiff's symptoms. Tr. 77.

Plaintiff argues this analysis, which was identical to the ALJ's analysis of Dr. Widlan's opinion, fails for the same reasons. Dkt. 13 at 12. The Court agrees. The ALJ failed to provide an explanation supported by substantial evidence for rejecting this opinion and must reevaluate it on remand.

### B. Remand for further administrative proceedings

Plaintiff asks the Court to remand this case with instructions for an immediate award of benefits. Dkt. 12 at 12. The Court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts have flexibility in applying this rule and may instead remand for further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

The court finds that not all the conditions for an award of benefits are met. Although the record has been fully developed and the ALJ failed to provide legally sufficient reasons to reject evidence, it is not clear that even if the improperly rejected evidence were credited as true, the ALJ would be required to find plaintiff disabled. Rather, the court finds that further administrative proceedings would be useful in order to allow the ALJ to reevaluate the

improperly rejected evidence along with the rest of the evidence. Accordingly, the court finds that remand for further administrative proceedings is the proper remedy.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the opinions of Dr. Postovoit, Dr. Widlan, and Dr. Ross. The ALJ shall further develop the record and redo the five-step disability evaluation process as needed to make a new decision.

DATED this 24th day of March, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEDURES - 11